**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFREDO GARCIA, | No. 19-15271 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-04569-DJH |
| v. | |
| CORIZON HEALTH, INC., | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| DONNA MENDOZA; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted August 5, 2020**

Before:     SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Arizona state prisoner Alfredo Garcia appeals pro se from the district court's

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious dental needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for defendant Corizon Health, Inc. ("Corizon") because Garcia failed to raise a genuine dispute of material fact as to whether Corizon's policy or custom caused him to suffer a constitutional injury. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (a private entity is liable under § 1983 only if the entity acted under color of state law and the constitutional violation was caused by the entity's official policy or custom); *Toguchi*, 391 F.3d at 1060-61 (a prison official acts with deliberate indifference only if he or she knows of and disregards a risk to the prisoner's health; medical malpractice, negligence or difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court did not abuse its discretion by denying Garcia's untimely motion for leave to amend his complaint because Garcia did not demonstrate good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (setting forth the standard of review and explaining that a party seeking leave to amend the pleadings after the date specified in the scheduling order must show diligence in seeking the amendment to satisfy the "good cause" standard).

We reject as unsupported by the record Garcia's contention that the district court failed to construe his pleadings liberally.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Garcia's request for judicial notice of district court case law (Docket Entry No. 18) is denied as unnecessary.

**AFFIRMED.**